[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO REARGUE ANDMOTION TO CERTIFY FOR APPEAL
Defendants EAO Switch Corporation, Robert Maier, Jr. and George Longyear move to reargue their motion to dismiss and, in the alternative, move for certification to appeal. The defendants claim that "manifest injustice" was "created" by the court's ruling on the defendants' motion to dismiss and that the court should therefore grant one or the other of the requested forms of relief. The motion to certify is denied as it is improper. The motion to reargue is granted but not for the reason asserted by the defendants.
The defendants' "Motion to Certify for Appeal" is denied for the reason the section of the Rules of Appellate Procedure that the defendants cite as authority for the motion, § 4002C, is inapplicable. Section 4002C applies "when a judgment has been rendered that disposes of fewer than all of the causes of action in a complaint . . . ." Since the court denied the motion to dismiss, the court did not render a judgment nor did it somehow dispose of a cause of action.[1]
The "Motion to Reargue," which has been filed pursuant to § 204B of the Practice Book, is granted, but not for the reason asserted by the defendants. The defendants wish to do more than reargue their motion to dismiss. The court denied the motion for the reason the documentary evidence submitted by the defendants in support of their motion was inadequate. The defendants now seek to submit additional evidence to fill the evidentiary gap. They want a new evidentiary hearing. This is not the purpose of a motion to reargue. Nevertheless, the court considers the supplemental affidavits to be significant and will grant the motion to reargue since a reconsideration of the motion may avoid duplicitous litigation. The matter is assigned for a hearing at 3:30 p.m. on November 3, 1997. CT Page 10419
THIM, JUDGE